The Full Commission has reviewed the award based solely upon the record of proceedings before the Deputy Commissioner. Defendant filed neither a Form 44 nor a brief, so it is unclear upon what grounds the defendant appeals. However, upon its review the Full Commission has determined that there are no good grounds to constitute amending the award as filed. Therefore, the July 27, 1994 Opinion and Award is accordingly HEREBY AFFIRMED, and the findings of fact as set forth therein are hereby adopted by the Full Commission.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant.
3. Defendant was a qualified self-insurer.
4. The date of alleged injury was October 5, 1993.
5. The average weekly wage was $307.60.
* * * * * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission makes the following
FINDINGS OF FACT
1. Plaintiff is a 63-year-old high school graduate who has been employed by defendant in housekeeping since April 1991.
2. Plaintiff's duties in housekeeping involved general janitorial duties, including sweeping, emptying trash, mopping, vacuuming, and cleaning bathrooms. She worked on the third floor of a building on campus.
3. Plaintiff's regular work hours were from 3:50 a.m. to 11:50 a.m. At approximately 8:00 a.m. and 10:00 a.m. each day she took her breaks. She did not clock out or leave the building for break.
4. It was plaintiff's usual custom and routine to get the hardest part of her duties done by 8:00 a.m. before people started arriving in the building. She generally did the vacuuming and mopping and worked her way back to her janitor closet by her 8:00 a.m. break. She kept a plate of food and her newspaper in her janitor closet. At break time at 8:00 a.m. she would retrieve these items and take them to the study lounge approximately 40 feet down the hall from her closet. For 15 minutes she would sit in the study lounge eating her dinner and looking at the newspaper. At the conclusion of her 15 minute break she would return the newspaper and plate to her closet and resume work.
5. On October 5, 1993 plaintiff took her break as usual at 8:00 a.m. in the study lounge, after retrieving her food and newspaper coupons from her closet. She went through the coupons while she ate her dinner. At the end of the 15 minute break she folded up the newspaper coupons, put them under her arm, picked up her plate, and began walking to put them back in her janitor closet and resume her work. About half way to the closet the glossy coupons fell out from under her arm to the floor, and she slipped on them and fell to the floor, injuring her left ankle and right thumb.
6. Plaintiff reported the above-described injury to her supervisor at 10:00 a.m. that same morning.
7. As a result of the injury of October 5, 1993 plaintiff was unable to earn the same wages she was earning at the time of the injury in the same or any other employment from October 6, 1993 through October 15, 1993, and again on November 12, 1993 and for two hours on November 15, 1993.
8. Plaintiff retains no permanent disability as a result of the injury on October 5, 1993.
* * * * * * * * * *
Based upon the findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. On October 5, 1993 plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant when she slipped and fell in the hallway on which she works every day at the conclusion of her customary and authorized 15 minute break as she returned her personal items to her janitor closet to resume work. N.C.G.S. § 97-2(6). The fact that plaintiff was not engaged in the actual performance of the duties of her job does not preclude the accident from being one arising out of the course of her employment. Moreover, slipping in the third floor hallway of that campus building was a risk of the employment. Harless v. Flynn, 1 N.C. App. 448, 162 S.E.2d 47
(1968).
2. As a result of the injury of October 5, 1993 plaintiff was temporarily and totally disabled from October 6, 1993 through October 15, 1993, and again on November 12, 1993 and for two hours on November 15, 1993. N.C.G.S. § 97-29. However, due to the seven-day waiting period of N.C.G.S. § 97-28, plaintiff is entitled to benefits under N.C.G.S. § 97-29 only for the period from October 13, 1993 through October 15, 1993, and again on November 12, 1993 and for two hours on November 15, 1993.
* * * * * * * * * * *
Based upon all of the foregoing, the Full Commission enters the following
AWARD
1. Defendant shall pay plaintiff temporary total disability benefits at the rate of $205.17 per week for the period from October 13, 1993 through October 15, 1993, and again on November 12, 1993 and for two hours on November 15, 1993. This compensation shall be paid to plaintiff in a lump sum.
2. Defendant shall pay all medical expenses incurred by plaintiff for treatment of the involved injury, when bills for the same have been submitted to and approved by the Industrial Commission.
3. Defendant shall pay the costs.
This the _____ day of __________________________, 1995.
FOR THE FULL COMMISSION
 S/ ________________________ JAMES J. BOOKER COMMISSIONER
CONCURRING:
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________________ NEILL FULEIHAN DEPUTY COMMISSIONER
JJB:mj 3/8/95